# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ROBERT D. GREEN, | : | |
|---|---|---|
| Petitioner | : | |
| | : | CIVIL NO. 3:CV-08-0311 |
| v. | : | |
| | : | (Judge Caputo) |
| WARDEN T.R. SNIEZEK, | : | |
| Respondent | : | |

## *O R D E R*

***THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:***

On February 20, 2008, Petitioner, Robert D. Green, a federal inmate formerly housed at the Satellite Prison Camp of the Schuylkill Federal Correctional Facility in Minersville, Pennsylvania, ("FPC Schuylkill"), filed this pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 claiming the Bureau of Prisons ("BOP") denied him due process with respect to a prison disciplinary proceeding. (Doc. 1, Petition.) The underlying matter involves the July 19, 2007, discovery of a cellular telephone and charger found on the sheets of Green's bed. Green received an Incident Report for Possession of a Hazardous Tool, in violation of Code 108. (Doc. 5, Response to Writ of Habeas Corpus). As a result of the disciplinary violation, Green received the following sanctions: 60 days in disciplinary segregation; disallowance of 40 days good conduct time; forfeiture of fifty four days of non-vested good conduct time; loss of telephone privileges for eighteen months; loss of

visitations and commissary privileges for eighteen months; and a recommendation for a disciplinary transfer. (*Id*.) Petitioner claims that the imposition of the sanctions were unlawful and seeks an Order from this Court directing the BOP to restore his loss of good conduct time. A response was filed on March 19, 2008. (Doc. 5.) Green filed a Traverse on April 3, 2008. (Doc. 6, Traverse.) A review of the BOP's Inmate Locator database confirms that Green was released from BOP custody on April 29, 2008. *See* www.bop.gov. For the reasons set forth below, the § 2241 petition will be dismissed as moot.

"Habeas corpus relief is available to a prisoner who has been sanctioned in violation of due process to a loss of good conduct time." *Robinson v. Warden*, 250 Fed. Appx. 462, 464 (3d Cir. 2007). Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. *Lane v. Williams*, 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982). However, a petition is not moot if the released prisoner can show that the challenged conviction will cause him to suffer some future collateral consequences. (*Id*.); *Carafas v. Lavalle*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). The relevant inquiry in such a scenario becomes whether the case still presents a case or controversy under Article III, § 2 of the United States Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998); *Rendell v. Rumsfeld*, 484 F.3d 236, 240-241 (3d Cir. 2007). Collateral consequences are presumed to exist when a habeas petitioner challenges his underlying criminal conviction. *Spencer*, 523 U.S. at 7-8, 118 S.Ct. at 983. By

contrast, challenges to a the execution of a sentence that has already been served, collateral consequences will not be presumed. *Spencer*, 523 U.S. at 12 - 14, 118 S.Ct. at 985-986. *See also Burkey v. Marberry*, 556 F.3d 142, 148-49 (3d Cir. 2009)(in habeas action, "[o]nce a sentence has expired ... some continuing injury, also referred to as collateral consequences, must exist for the action to continue.") Thus, the central inquiry is whether it is "likely" that the injuries claimed by the petitioner can be redressed by a favorable judicial decision. *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002).

In the instant case, the Petitioner does not challenge the validity of his underlying conviction or sentence, only the execution of his sentence. Accordingly, we find that Green's habeas corpus petition based on his loss of good conduct time is moot because he has been released from federal custody. Once Green served his entire term of imprisonment, and was released upon its completion, his good time credits cease to have any effect "either to shorten the period of supervision or to shorten the period of imprisonment which the inmate may be required to serve for violation of parole or mandatory release." 28 C.F.R. § 2.35(b); 28 C.F.R. § 523.2(c). Under these circumstances, Green cannot demonstrate any continuing collateral consequences or injury redressable by a favorable decision. As no live controversy remains, Green's Petition for Writ of Habeas Corpus will be dismissed as moot. *See Scott v Schuylkill FCI*, 298 Fed. Appx. 202 (3d Cir. 2008).

Accordingly, this **13th** day of **May, 2009**, it is ordered that:

1. The petition for writ of habeas corpus (Doc. 1) is dismissed as moot.

2. The Clerk of Court is directed to close this file.

          /s/ A. Richard Caputo
          **A. RICHARD CAPUTO**
          **United States District Judge**